IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

JAMES M. PORTER, )
 )
          Plaintiff, )
 )
          v. )      No. 11-3081-CV-S-MJW
 )
ST. JOHN'S REGIONAL HEALTH CENTER, )
et al., )
 )
          Defendants. )

## ORDER

Before the court are defendants' motions to dismiss, and plaintiff's December 12, 2011 motion for leave to amend his complaint.[1]

### Background

Plaintiff James M. Porter filed his original pro se complaint on March 2, 2011. Defendants subsequently filed motions to dismiss plaintiff's claims, to which plaintiff filed suggestions in opposition. On November 1, 2011, after careful consideration, this court granted plaintiff leave to file an amended complaint, and denied defendants' motions to dismiss, without prejudice to refiling if still appropriate after plaintiff's amended complaint was filed. Plaintiff was specifically ordered to file his amended complaint within 21 days.

Plaintiff did not file an amended complaint as ordered and on December 7 and 9, 2011, defendants refiled their previous motions to dismiss. On December 12, 2011, plaintiff filed a motion to amend his complaint with his proposed amended complaint attached.

### Discussion

A. Motion to Amend

Although plaintiff is a pro se litigant, he is not excused from complying with court orders. See Farnsworth v. Kansas City, Mo., 863 F.2d 33, 34 (8th Cir. 1988). See also Doe v. Cassel, 403

---

[1]With the consent of the parties, this case was transferred to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

F.3d 986, 988-90 (8th Cir. 2005) (concluding that the district court's dismissal for undue delay and failure to comply with court orders was not abuse of discretion). In the present case, plaintiff's failure to comply with the court's order has put the court and the defendants in a burdensome position. Defendants' motions to dismiss were denied initially upon the court's liberal construction of plaintiff's responses in opposition, in which he asserted that if allowed to amend his complaint, it would cure the deficiencies argued by defendants. Despite the court granting plaintiff twenty-one days to file an amended complaint and, upon plaintiff's motion, a further extension until December 1, 2011, plaintiff failed to timely file his first amended complaint. Plaintiff's failure to timely file his amended complaint triggered defendants to refile their motions to dismiss as ordered. After defendants Skilled Health Facilities, Inc., and David Yancy refiled their motions to dismiss, plaintiff filed a renewed motion to amend his complaint.[2]

While "leave to amend shall be freely given when justice so requires, plaintiff does not have an absolute or automatic right to amend." United States, ex rel., Lee v. Fairview Health Sys., 413 F.3d 748, 749 (8th Cir. 2005). "Leave is properly denied when there has been undue delay, bad faith or dilatory motive on part of the movant, if the amendment would cause undue prejudice to the nonmovant or if the amendment would be futile." Harris v. SWAN, Inc., 459 F. Supp. 2d 857, 865 (E.D. Mo. 2005) (citing Bell v. Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998)). See also Fed. R. Civ. P. 15. Here, justice does not require granting plaintiff leave to amend. Plaintiff has failed to comply with this court's orders, thereby causing undue delay in the case. Moreover, granting plaintiff leave to file his proposed Amended Complaint out-of-time, as submitted with his motion, would be an exercise in futility. See In re K-tel Intern, Inc., Securities Litigation, 300 F.3d 881 (8th Cir 2002) (futility constitutes a valid reason for denial of a motion to amend). Plaintiff has already repeatedly amended his pleadings by interlination to no avail, and his proposed amended complaint fails to cure the deficiencies in his claims. Granting plaintiff leave to amend now would be futile, and result in nothing more than undue delay of this case.

---

[2] Defendants Bennett, Mantala, Merrigan and St. John's Regional Health Center renewed their motion to dismiss on February 3, 2012, which was joined on February 7, 2012, by defendants Skilled Health Facilities, Inc., and David Yancy, Greene County Public Administrator.

2

B. Plaintiff's Complaint Fails to State a Claim

Plaintiff's original complaint alleges that while his mother, Zenobia Porter, was a patient at St. John's Hospital, the defendants wrongfully filed in Missouri state court a petition seeking the appointment of a guardian and conservator for his mother. Plaintiff alleges these actions were done by defendants, St. John's Hospital, its legal counsel, director of social work and physicians; the Greene County Public Administrator; and the skilled nursing facility where plaintiff's mother resided. Plaintiff alleges defendants acted pursuant to a conspiracy, and that defendants' actions violated his rights because his mother had a health care power of attorney document designating plaintiff to make medical decisions for her. Plaintiff also alleges generally that defendants inflicted emotional distress when they used his mother's medical records to harass, embarrass, intimidate and threaten plaintiff and to hold hostage the life of plaintiff's mother. Plaintiff's complaint seeks injunctive relief to protect his mother from possible repeated wrongdoing should she again be hospitalized at St. John's Hospital, as well as damages for emotional distress suffered by plaintiff as a result of defendants' actions. Plaintiff's proposed amended complaint continues with the same allegations, with exception of the injunctive relief sought. Plaintiff's proposed amended complaint states his injunctive claims are now moot in light of the passing of his mother in September 2011.[3] Therefore, plaintiff's remaining claims in his original and proposed amended complaint are for damages to compensate plaintiff for his "mental pain and suffering" and for punitive damages against the defendants for their actions.

While a court liberally construes a pro se complaint, and accepts factual allegations as true, the allegations must be sufficient to state a claim as a matter of law. Stringer v. St. James R-1 Sch. Dist., 446 F.3d 799, 802 (8th Cir. 2006). This standard requires that a pro se plaintiff's complaint be "plausible on its face." Bell v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible when the pleaded factual content allows the court to draw the reasonable inference that defendant is liable. Dubinsky v. Mermart, LLC, 595 F.3d 812, 815 (8th Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, ___, 129 S. Ct. 1937, 1940 (2009)). Reviewing a claim for plausibility is "context-specific" and the court must "draw on its judicial experience and

---

[3]There are no allegations by plaintiff that his mother's passing was in any way caused by or the result of any actions alleged against the defendants in this case.

3

common sense." Zoltek Corp. v. Structural Polymer Group, 592 F.3d 893, 896 (8th Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. at ___, 129 S. Ct. at 1950).

Here, the court finds plaintiff's complaint and his proposed amended complaint generally fail to state a basis for a claim against any named defendant. This court finds no reasonable basis in fact or law supporting plaintiff's claims that his federal and constitutional rights were violated when defendants allegedly conspired against him when they filed a motion with the Circuit Court of Greene County, Missouri, seeking appointment of a state guardian for plaintiff's mother, Zenobia Porter. Although plaintiff alleges defendants' actions were in violation of his mother's Health Care Directive, which gave plaintiff power of attorney, he fails to cite to any authority to support that these alleged actions violated any federal law or constitutional right.[4] Neither the filing of a state petition to appoint a state guardian and conservator for plaintiff's mother, Zenobia Porter, nor disagreement between plaintiff and defendants regarding his mother's medical care, nor plaintiff's generalized allegations of "wrongfully releasing, publishing and utilizing" Zenobia Porter's medical records, support a violation of the multiple federal statutes cited by plaintiff, including 42 U.S.C. §§ 1395i, 1320(d-2), 1983, 1985, or violation of plaintiff's rights under the First, Fourth, Sixth, and Fourteenth Amendments, and Article I, Section 10 of the Constitution as alleged. While plaintiff's complaint sets forth an abundance of generalized factual allegations about how he believes defendants' actions were wrong, he fails to link up any specific actions with supporting law entitling him to relief. Plaintiff's legal conclusions do not plausibly give rise to his entitlement to relief. Ashcroft v. Iqbal, 556 U.S. at ___, 129 S. Ct. at 1950. Rather, plaintiff's legal conclusions are the type of conclusory "the-defendant-unlawfully-harmed-me accusation" that is insufficient to state a claim. Ashcroft v. Iqbal, 556 U.S. at ___, 129 S. Ct. at 1949 (the pleading standard does not require "detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").

For the reasons set forth above, plaintiff's claims seeking relief for his own mental pain and suffering, and punitive damages, are not facially plausible; the generalized facts alleged by

---

[4] At issue in this case are defendants' actions against plaintiff. Plaintiff specifically states in his pleadings that he is not bringing this action on behalf of his mother, neither is he seeking damages for her.

4

plaintiff do not allow this court to draw the reasonable inference that defendants are liable for the damages plaintiff seeks.  See Dubinsky v. Mermart, LLC, 595 F.3d at 815 (citing Ashcroft v. Iqbal, 556 U.S. at ___, 129 S. Ct. at 1940).

Without federal question jurisdiction, this court declines to extend supplemental jurisdiction to plaintiff's state court tort claims.  See Carlsbad Technology, Inc. v. HIF Bio, Inc., 556 U.S. 635, ___, 129 S. Ct. 1862, 1866 (2009) (the district court may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction).  Plaintiff may refile these claims in state court if he deems it appropriate.

On February 6, 2012, plaintiff filed a motion to receive notice of all orders by mail.  Plaintiff is advised that all orders issued by this court are mailed to plaintiff at his address of record.

IT IS, THEREFORE, ORDERED that plaintiff's motion to receive notices by mail is denied as moot.  [43]  It is further

ORDERED that defendants' motions to dismiss plaintiff's claims are granted.  [39, 40, 42, 44, 45]  It is further

ORDERED that plaintiff's state law tort claims are dismissed, without prejudice to refiling in state court if he determines it appropriate.  It is further

ORDERED that plaintiff's remaining claims are dismissed, with prejudice.  It is further

ORDERED that plaintiff's motion for leave to amend is denied based on his failure to comply with court orders causing undue delay, and as futile, pursuant to Rule 15 of the Federal Rules of Civil Procedure.  [41]

Dated this 9th day of February, 2012, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*

MATT J. WHITWORTH
United States Magistrate Judge